## Gordon and Another *v.* Cowger.

The vendor of a tract of land containing a certain number of acres, brought a
suit against the vendee for the purchase-money.  The defendant who retain-
ed the land, but who wished to have a reduction of the price, proved that a
certain field, which the vendor had represented to be included in the pre-
mises, was not so included.

*Held*, that the question whether the land was worth less, and if so, how much
less, than it would have been had the boundaries not varied from the de-
scription, was a proper subject of inquiry; and that the plaintiff, as well as
the defendant, had a right to introduce evidence on the subject.

If to an action on a note for the payment of money, the defendant plead a fail-
ure of the consideration, setting out the contract under which the note was
given,—his proof of the contract must agree with the description of it in the
plea.

APPEAL from the *Rush* Circuit Court. Saturday, January 7, 1837.

BLACKFORD, J.—*John* and *Samuel Gordon* brought an action
of debt against *George Cowger*, on a writing obligatory for the
payment of 100 dollars.

The defendant pleaded specially, that the consideration of
the bond was the difference in an exchange of two tracts of
land of 80 acres each, made by the parties.  The plea states
that the plaintiffs, to induce the defendant to make the ex-
change, and give them as the difference the bond sued on, to-

Nov. Term,
1836.

GORDON
v.
COWGER.

gether with another bond for the same amount, and 50 bushels of corn, and two acres of wheat in the ground, pointed out and represented to the defendant, that they had measured their own tract, and that the west line included a certain field then pointed out by them, and ran south so as to include a certain piece of bottom land of about 15 acres, of the value of 200 dollars. The plea further states, that the defendant not knowing the lines, and relying on the plaintiffs' representations, made the exchange, and, accordingly, conveyed to them his 80 acres of land of the value of 600 dollars, and gave them the bonds, one of which is paid, and delivered to them the corn and wheat; that the defendant has since ascertained, that the west line of the land, received by him from the plaintiffs, did not run so as to include the field or bottom land aforesaid, the value of which is 200 dollars; that the land thus received by the defendant is of 200 dollars less value than it would be if the west line had run according to the plaintiffs' representation; and that the bond in question was given for no other consideration than that mentioned in the plea. Wherefore, &c.

The replication to this plea is, that the bond was executed for a valuable consideration, and not in consequence of the false and fraudulent representations set forth in the plea.

The issue was tried by a jury, and a verdict and judgment were rendered for the defendant.

On the trial, there was proof that there were on the land conveyed to the defendant, a mill and mill-seat; and the defendant introduced evidence to prove that the land, as the west line really runs, was worth less than it would have been, had it run as the plaintiffs represented it. The plaintiffs then offered to prove, that if their description had been correct, the land would not have included the mill-dam which it now does include; and that the land is consequently more valuable. This evidence, offered by the plaintiffs, was objected to, and the objection sustained.

If the misrepresentation relied on by the plea be true, the defendant, perhaps, when he discovered the description of the land to be incorrect, might have rescinded the contract, if the parties could have been placed *in statu quo:* but he did not choose that remedy for the misrepresentation complained of. He has preferred to keep the land as it is, and to set up the misrepresentation in avoidance as to a part of the price. The

ground of his defence is, that he has sustained a loss by the misrepresentation; and the question respecting that loss is submitted by the parties to the determination of a jury. In determining the amount of the loss, if any, the jury must know how much less the land, which the defendant has received, is worth, than it would be had it agreed with the plaintiffs' description. That diminution, whatever it may be, (the misrepresentation being proved,) must influence the verdict as regards the reducing or barring the plaintiffs' recovery.

When a Court of chancery compels a purchaser to execute his contract, but allows him a compensation on account of the vendor's misrepresentation of the premises, the amount of that compensation generally depends upon how much less the land is worth, than it would have been had it not varied from the description. The same rule must govern in the case before us. If the land received by the defendant, and which he retains, is not so valuable as it was described to be, the amount of the diminution is a proper subject of inquiry in this action for a part of the purchase-money.

The defendant, as he was bound to do, introduced evidence to show the diminution in the value of the premises as stated in his plea; and it was for the plaintiffs, if they could, to prove that no such diminution existed, or, at any rate, that it was not so great as the defendant wished it to be considered. The plaintiffs, accordingly, offered evidence for that purpose. They proposed to prove, after it had been shown that there was a mill on the land, that the mill-dam, which was on the land as it was conveyed, would have been excluded if the west line had run according to the representation. That evidence tended to disprove the allegation in the plea, as to a diminution in the value of the premises. The evidence was proper, and the Court committed an error in rejecting it.

After the testimony was closed, the plaintiffs asked the Court to instruct the jury, "That if there had been no evidence given, that a part of the contract in the exchange of the land was the corn and wheat named in the plea, the contract was not proved as laid, and the jury must find for the plaintiffs." This instruction was refused. If the defendant had sued the plaintiffs for a breach of the contract described in the plea, and had failed to prove the part of the contract referred to, his action must have failed. The variance between the

30

Nov. Term,
1836.

allegation and the evidence would have been fatal. 1 Chitt. Plead. 333. We consider the law to be the same in the present case. The contract is entire, and the proof of it, when described and relied on in the plea, must be in accordance with the description as much in the one case as in the other. The instruction asked for ought, therefore, to have been given. .

The plaintiffs also requested the Court to instruct the jury, "That if there had been no evidence given by the defendant, that he exchanged and conveyed the land named in the plea, the plea was not substantially proved, and the jury must find for the plaintiffs the amount of the note. The Court refused this instruction. The plaintiffs had a right to this instruction, as well as to the other which we have just mentioned, and for the same reason. The exchange and conveyance of the defendant's land are stated in the plea as a part of the contract, and unless they were proved, the contract is not proved as laid.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*O. H. Smith*, for the appellants.

*J. Rariden,* and *J. S. Newman*, for the appellee.