May Term,
1858.

BEARD
v.
THE FIRST
PRESBYTERI-
AN CHURCH
OF PERU.

---

BEARD and Wife, Administrators, *v.* THE FIRST PRESBY-
TERIAN CHURCH OF PERU.

A bill of exceptions, after setting forth what purported to be the evidence of certain witnesses, stated as follows: "Which was all the evidence offered in the case." *Held,* that this was not sufficient under the rule of the Supreme Court.

The affidavit of a witness that he would have testified more in detail upon certain points, if he had been more minutely examined, is not sufficient to sustain an application for a new trial upon the ground of newly discovered evidence, where there is nothing in the record showing that the party was not aware of the facts of which the witness might have testified, and nothing in reference to diligence is shown.

Where the complaint is sufficient to bar another suit for the same cause, and it was not demurred to in the Court below, no question upon its sufficiency can be raised in the Supreme Court.

*Monday,
October 11.*

APPEAL from *Miami* Court of Common Pleas.

HANNA, J.—This proceeding was commenced by filing, in the form of an account for subscription for the erection of a church edifice, in the office of the clerk of the Common Pleas Court, a claim against the estate of *Driver.* It was entered on the appearance-docket, and *Cole,* the admin-

istrator of *Driver*, allowed it, without making cost or objecting. At the next term of the Court, *Beard* and wife, having become administrators, &c., of the estate of *Driver*, moved the Court to set aside the allowance, which motion was granted, and by agreement, the claim was transferred to the issue-docket, and, without any further pleadings, tried by the Court. Finding for plaintiff the amount of the subscription, 100 dollars. Motion for a new trial overruled. Two exceptions were taken—one to the ruling of the Court on the motion for a new trial, and the other in regard to the judgment for costs.

May Term, 1858.

BEARD
v.
THE FIRST
PRESBYTERI-
AN CHURCH
OF PERU.

The sufficiency of the evidence is attempted to be questioned; but we cannot consider that point, for the reason that the bill of exceptions, after setting forth what purports to be the evidence of certain witnesses, states as follows: " Which was all the evidence offered in the case." Other evidence might have been given, which was not offered by either party. This does not comply with the rule (1).

One *Rex* was introduced as a witness, on the trial, in behalf of the defendants. One of the reasons filed for a new trial was newly discovered evidence. The affidavit of this witness was produced upon that point, and shows that he would, if he had been more minutely examined, have testified more in detail in reference to the points upon which he and *Stutesman*, a witness for plaintiff, had testified. There is nothing in the record showing that the defendants were not aware of the facts of which he might have testified, nor is anything in reference to diligence shown. The affidavit was insufficient.

It is assigned as error that the complaint is not sufficient. There was no demurrer to it. By agreement the case was tried upon it; and as it is sufficient to bar another suit for the same cause, it is now too late, for the first time, to make the objection to its sufficiency in this Court.

As to the question of costs, we think that the order was right, as no costs had been made by the first administrator, nor, indeed, any, previous to the setting aside the allowance, so far as we are informed by the record.

*Per Curiam.*—The judgment is affirmed with costs.

*N. O. Ross* and *R. P. Effinger*, for the appellants.

*J. A. Beal* and *J. W. Gordon*, for the appellee.

(1) See *Manly* v *Hubbard,* 9 Ind. R. 239, and note 2 to that case.