## CAMPBELL *v.* FRANKEM.

FRAUD.—*Fraudulent Representations of Location of Land Sold.—Interrogatory to Jury.*—In an action by the grantee, against the grantor, of certain real estate, to recover damages for alleged fraudulent representations by the grantor to the grantee, in falsely pointing out to the latter, as the lands to be conveyed, other and more valuable lands, the defendant asked leave to submit an interrogatory to the jury trying the cause, as to whether the plaintiff did not have ample opportunity, after the defendant had furnished him with a description of the lands, to ascertain the true location thereof from the records.

*Held,* that the plaintiff had a right, in purchasing the lands, to rely on the representations made by the defendant as to the location thereof, and therefore that the interrogatory asked was properly refused.

From the Hendricks Circuit Court.

*G. H. Chapman, U. J. Hammond* and *J. J. Hawes,* for appellant.

BIDDLE, J.—This action was commenced in the Marion Superior Court. A change of venue was taken to the Hendricks Circuit Court. The complaint contains seven paragraphs. The first is as follows:

That on February 11th, 1874, the defendant, for the consideration of one thousand dollars, agreed to convey to plaintiff certain real estate described as lot No. 11, and lots Nos. 106 and 107, in a certain addition to Indianapolis, subject to certain incumbrances by a mortgage and accrued taxes, which the plaintiff was to pay, as part of the consideration.

" That, before and at the time of said agreement, said defendant, for the purpose of inducing plaintiff to enter into the same and accept of deeds of said lots, falsely represented to him that said lot No. 11 was on high and dry ground, the defendant at the same time falsely pretending to point out to plaintiff the location thereof, the location so pointed out, which, as the plaintiff afterwards discovered, was not the true location, being upon high and dry ground;

and also falsely represented to plaintiff that said lots Nos. 106 and 107 were on high and dry ground, and were within two squares distance of a certain depot in said county upon the line of the Indianapolis and Vincennes Railroad, commonly known as the 'Maywood' depot; that, in fact, all of said representations were wholly false, said lot No. 11 not being on high and dry ground, nor in or near to the location as aforesaid represented and pointed out, but in low and wet ground; and said lots 106 and 107 not being on high and dry ground, nor within two squares of said 'Maywood Depot,' but being in low and wet ground, and more than two squares distant from said depot; and plaintiff avers that he could not ascertain the true location of said lots when they were pointed out to him, because the ground was covered with snow, and that it so remained covered with snow until after said deeds for said lots were accepted, so that the stakes by which said lots could be identified were entirely covered with snow, and could not be seen; that, as said defendant well knew, the plaintiff was at the time of said representations ignorant, until after he had accepted of the deeds for said lots, of the true location of any of them, but relied wholly upon the representations of the defendant thereto;" that, so relying on said representations of defendant, the plaintiff, on February 7th, 1874, accepted the deeds of said lots; that, if said lot 11 had been as represented, it would have been worth one thousand dollars, and said lots 106 and 107 worth five hundred dollars each. Wherefore, etc.

The other paragraphs of the complaint are founded upon the same state of facts, and are not different in principle from the first.

Separate demurrers to each paragraph of the complaint, for the alleged want of facts, were overruled, and exceptions reserved.

Answer, general denial.

Trial by jury; verdict as follows:

" We, the jury, find for the plaintiff, and assess his damage at eight hundred dollars."

With the general verdict, the jury answered interrogatories, as follows :

" 1. Did not the defendant tell the plaintiff, in the office of the plaintiff's attorney, Voss, after the plaintiff and defendant had returned from a visit to the South-East Addition, that he could not locate the lots, and was not the trade agreed upon at that interview ? and did not Frankem make the trade with the knowledge that Campbell did not know the location of the lot in the South Addition ?

" Ans. We, the jury, answer the interrogatory as follows :

" 1st. The defendant said he could not locate the lot exactly, but said that the lot was on the high ground, and was not in the creek. The trade was agreed upon at that interview. The plaintiff made the trade with the knowledge that the defendant could not locate the lot exactly, but defendant said it was not in the creek, but on the high ground.

" 2. If there was any statement made by the defendant to the plaintiff at the office of the witness, Voss, in regard to the location of the lot in the South Addition, was it not in the nature of a guarantee made with the knowledge of both plaintiff and defendant, that the defendant had no knowledge of the exact location of the lot ?

" Ans. The statement was made by the defendant to the plaintiff, that the lot was in the high ground and not in the creek; and the plaintiff knew that the defendant did not locate the lot exactly, but the defendant stated that it was not in the creek, but on the high ground.

" 3. What was the difference, if any, between the value of the lots at Maywood conveyed to the plaintiff,

and lots situated one and a half or two squares from the Maywood depot, in February, 1874?

" Ans. The difference in the value of the Maywood lots is two hundred dollars ($200).

"A. H. RICHARDSON, Foreman."

Upon the return of the verdict by the jury, the appellant moved the court to require the jury to make their answer to the interrogatories, returned with the verdict, more specific. This motion was overruled, and exceptions reserved. The appellant then moved for judgment in his favor on the special interrogatories and answers. This motion was overruled and exceptions reserved. Next the appellant moved for a new trial on causes filed. This motion was overruled and exceptions reserved. Judgment on the verdict. Appeal.

Besides the special interrogatories answered by the jury, the appellant moved the court to submit to the jury certain other interrogatories, in writing, to be answered by the jury in connection with their general verdict, amongst which was the following:

" 7. Was not Frankem furnished by Campbell with the numbers of the lots? and did not Frankem have ample opportunity, between the time he was so furnished with the numbers of the lots and the time the deeds were made, to ascertain for himself, by examination of the records and otherwise, the location of the lots?"

The court refused to submit this question to the jury, and the appellant excepted.

It is the right of a party to have the jury find upon facts which fall within the scope of the issues in the case, by answers to special interrogatories. The court may control the form of the interrogatories, and judge of their propriety, but, when properly asked for, it is error to reject them. *Bird* v. *Lanius*, 7 Ind. 615; *The Michigan Southern and Northern Indiana R. R. Co.* v. *Bivens*, 13 Ind. 263;

*Allen* v. *Davison*, 16 Ind. 416; *Rosser* v. *Barnes*, 16 Ind. 502; *Noble* v. *Enos*, 19 Ind. 72; *Manning* v. *Gasharie*, 27 Ind. 399; *Sage* v. *Brown*, 34 Ind. 464; *Hopkins* v. *Stanley*, 43 Ind. 553.

We are of opinion that the court did not err in refusing to submit interrogatory number 7 to the jury. The answer to it. whether in the affirmative or negative, could not have controlled the general verdict. The vendor pointed out the location of the lots to the vendee, on the ground where he represented them to lie; the vendee had a right to rely upon such representations, without further examination of the surveys or records. *Cowger* v. *Gordon*, 4 Blackf. 110; *Gordon* v. *Cowger*, 4 Blackf. 231; *Howk* v. *Pollard*, 6 Blackf. 108; *Cravens* v. *Kiser*, 4 Ind. 512; *Cox* v. *Reynolds*, 7 Ind. 257; *Brooks* v. *Riding*, 46 Ind. 15; *Langsdale* v. *Girton*, 51 Ind. 99; *Whitney* v. *Allaire*, 1 N. Y. 305.

The above authorities also show the sufficiency of the complaint in this case.

The judgment is affirmed, at the costs of the appellant.