No. 7530.

THE INDIANAPOLIS AND VINCENNES RAILROAD COMPANY v. McCAFFERY ET AL.

PLEADING.—*Defects Cured by Verdict.—Practice.*—Many defects in a complaint, which on demurrer would be regarded as fatal, will be deemed to be cured by a verdict for the plaintiff, if the defendant go to trial without demurring. For example, see opinion in full.

EVIDENCE.—*Presumption.*—Where the evidence is not in the record, the presumption in the Supreme Court is, that the verdict was, in all essential respects, supported by sufficient proof on the trial of the cause.

From the Knox Circuit Court.

*S. O. Pickens*, for appellant.

*G. G. Reily*, *W. C. Johnson* and *W. C. Niblack*, for appellees.

Woods, J.—The only question presented on this record is whether the complaint states facts sufficient to constitute a cause of action. The complaint was not tested by demurrer in the court below, but its sufficiency is first questioned on this appeal. The complaint, omitting formal parts, is as follows: "That theretofore, on the 7th day of February, 1861, one Lawrence McCaffery was the owner in fee simple, and lawfully in possession, of the following real estate in Knox County, Indiana, to wit: The south-east half of lot number four hundred and ninety in the city of Vincennes. The said McCaffery so remained the owner of the same and seized thereof until the 14th day of July, 1872, when he died intestate, leaving the plaintiffs, his widow and children, his only heirs at law; that, while their said ancestor was so the owner of said land and in life, the defendant, by its servants and agents, unlawfully and wrongfully and without said ancestor's consent constructed a railroad in and along a street in said city within twenty feet of the real estate aforesaid, at which point said street is over fifty feet wide, and ever since that time has used the same by running its cars and locomotives thereon, whereby said defendant has greatly injured and damaged the plaintiffs' said real estate, to wit, in the sum of two thousand dollars; that said real estate was, at the time said railroad was so erected, used and occupied by the plaintiffs and their said ancestor for a dwelling-house and residence, which the defendant well knew, and that the difference between the rental value of said realty in case there had been no railroad on said street as aforesaid and its actual rental value with said railroad constructed and operated as it is and was ever since July 14th, 1872, is two thousand dollars less than it would be without said road.

Wherefore," etc. Issues of fact, and verdict and judgment for plaintiffs for $106.47.

The appellees cite, in support of this complaint, the case of *Cox* v. *The Louisville,* etc., *R. R. Co.*, 48 Ind. 178, wherein it is declared to be an inference of law, "that a conveyance of land bounded on a highway carries with it the fee to the center of the road, as part and parcel of the grant, unless such inference shall be expressly excluded, and that this rule is applicable where the land conveyed is a lot or part of a lot in a town or city," etc.

The objections pointed out to this complaint are, that it is not shown that the lot of the plaintiffs adjoins or abuts upon the street where the railroad was laid and operated, and, consequently, it does not appear that the plaintiffs owned the fee in the street, and that therefore no direct injury to the freehold of the plaintiffs is shown; and, second, that a cause of action for a consequential injury is not shown, "for the reason that it does not show the nature of the injury of which it consists, or that it did not accrue from a legitimate use by the appellant of its own property, or of another's property by that other's consent."

Many defects in a complaint, which, on demurrer, would be regarded as fatal to the pleading, will be deemed to be cured by a verdict for the plaintiff, if the defendant go to trial without demurring. See *Beard* v. *The First Presbyterian Church of Peru*, 10 Ind. 568; *The Indianapolis, etc., R. R. Co.* v. *Keeley's Adm'r*, 23 Ind. 133; *The Indianapolis, etc., R. R. Co.* v. *Petty*, 30 Ind. 261; *The Pittsburgh, Cincinnati and St. Louis R. R. Co.* v. *Nelson*, 51 Ind. 150; *Alford* v. *Baker*, 53 Ind. 279; *The Jeffersonville, Madison and Indianapolis R. R. Co.* v. *Lyon*, 55 Ind. 477; *Sherrod* v. *Shirley*, 57 Ind. 13; *Donellan* v. *Hardy*, 57 Ind. 393; *The Louisville, New Albany and Chicago R. W. Co.* v. *Spain*, 61 Ind. 460; *Hostetler* v. *The State, ex rel.*, 62 Ind. 183; *McMakin* v. *Weston*, 64

Ind. 270; *Scott* v. *Zartman*, 61 Ind. 328; *Wiles* v. *Lambert*, 66 Ind. 494; *Alford* v. *Baker*, 53 Ind. 279; *Eigenmann* v. *Backof*, 56 Ind. 594.

Applying the rule indicated by these cases, the complaint in question should be sustained. It clearly states enough to bar another action for the same cause, and, while its averments in the respects mentioned are by no means explicit, the facts necessary to make a complete statement of a cause of action are, perhaps, fairly inferable from the facts averred; at least, the verdict will be deemed to supply what is wanting. The evidence is not in the record, and, in the absence of something to the contrary, the presumption is, that the verdict, in all essential respects, was supported by sufficient proof.

Judgment affirmed, with costs.