No. 4721.

PITTSBURGH, CINCINNATI AND ST. LOUIS RAILROAD COMPANY v. NOEL.

NEGLIGENCE.—*Pleading.*—*Complaint Cured by Verdict.*—*Railroad Company.*—In an action against a railroad company for damages sustained by the burning of a rick of wood piled along its track, alleged to have been set on fire by the locomotive of a passing train, the complaint not having been demurred to, the following charge of negligence is sufficient after verdict: "The defendant's locomotive emitted sparks which communicated with said wood and destroyed it, * * through the carelessness of the defendant and her agents and employes, without the fault of the plaintiff."

SAME.—*Contract of Sale.*—*When Title Passes.*—The title to wood delivered on the line of a railroad, in pursuance of a contract which required a measurement before acceptance, did not pass before the measurement was made, though unreasonably delayed.

Pittsburgh, Cincinnati and St. Louis Railroad Company *v.* Noel.

SAME.—*Contributory Negligence.*—In such case, the piling of the wood by the plaintiff, with the consent of the defendant, along the line of the railroad where it was more liable to and did take fire, did not constitute contributory negligence on the part of the plaintiff.

SAME.—*Instructions.*—*Negligence.*—*Evidence.*—*Practice.*—In such action, it is not error to instruct that negligence is a question of fact to be determined by the jury according to the circumstances of the case. Nor that, in that connection, the jury might consider whether the defendant's employes were negligent in reporting the imperfect condition of screens on the smoke-stacks of the locomotives. Nor that, if the season when the fire occurred was unusually dry, the defendant was bound to take extra precautions against fire. WORDEN and HOWK, JJ., dissent.

SAME.—*Defects Cured.*—An obscure and loosely-worded instruction may be cured by a clear and distinct one, and by an answer to an interrogatory.

SAME.—*Practice.*—If instructions on particular or additional points are desired, they must be requested.

SAME.—*Presumption.*—Unless the contrary is shown, it will be presumed that such other instructions, beside those in the record, as were necessary to enable the jury to understand the case, were given.

SAME.—*Burden of Proof.*—*Contributory Fault.*—The plaintiff must allege and prove a case without fault on his part; but, as the averment is negative and there is no presumption of such fault, in the absence of anything to show or suggest it, he may recover on proof of the defendant's negligence, without affirmative proof of his own freedom from fault.

SAME.—*Interrogatories Refused.*—It was not error to refuse to submit to the jury interrogatories which, answered either way, could not by themselves nor with others, have affected the result.

SAME.—*Evidence.*—*Practice.*—It was not necessary that the proof should show from which engine the fire escaped.

SAME.—It was competent in the case to show the manner in which the defendant's engines emitted fire shortly after the time of the fire in question.

SAME.—*Witness.*—There was no error in excluding answers to questions to a witness when it was not stated what it was expected to elicit.

SAME.—*Book Entries.*—Entries in defendant's books, though made at the time of the transaction, are not admissible in evidence for it.

SAME.—*Admissions.*—*Discretion.*—It is largely in the discretion of the court whether evidence shall be admitted out of the strict order of practice.

From the Cass Circuit Court.

*N. O. Ross*, for appellant.

*D. P. Baldwin, M. Winfield* and *D. Turpie*, for appellee.

Woods, J.—It is claimed that the circuit court erred, (1) in refusing to arrest the judgment; (2) in refusing to render judgment for the defendant for the costs, on the special findings of the jury; (3) in refusing the appellant a new trial.

First, then, as to the motion in arrest of judgment. The second paragraph of the complaint, which alone remains in the record, is substantially as follows: That on or about the 1st day of February, 1871, the plaintiff hauled to the track of the defendant three hundred cords of wood, which the defendant had agreed with plaintiff, if plaintiff would so deliver the same, to measure without unreasonable delay, and, when measured, to pay him therefor two dollars and twenty-five cents per cord; that, in compliance with the agreement, the plaintiff delivered the wood on the track of the defendant, at the place indicated and shown him by the defendant, and notified the defendant of such delivery; that the defendant, after being so notified, refused and neglected to measure it, and while it was there the defendant's locomotive emitted sparks which communicated with said wood and destroyed it; that the wood was destroyed by and through the carelessness of the defendant and her agents and employes, and without the fault of the plaintiff; that the wood so destroyed was worth five hundred dollars, and the plaintiff damaged in that sum, for which judgment is demanded, with other proper relief.

Question is made whether this is a complaint in tort or in contract, the appellant insisting that it is good in neither view; while the appellee argues that it may be good in either or both aspects, but claims it to be in fact a complaint sounding in tort. Clearly it can not be good in both respects; for if good as for a breach of contract, it must be upon the theory that the title of the wood had passed to the defendant. That being so, the averments, to the effect that the wood was burned and destroyed by reason of the defendant's negligence, show no tort or wrong toward the plaintiff. But, un-

der the facts averred, we do not think the wood had passed into the ownership of the defendant. There was still a measurement to be made according to the agreement, and until that or some other act of acceptance had occurred the title remained in the plaintiff. It remains, therefore, to be considered, whether, as against a motion in arrest of judgment, the complaint shows a good cause of action for the wrongful and negligent burning of the wood by the defendant. It is objected to the pleading that it does not show any act of negligence, nor that any specified thing was negligently done, nor that anything was negligently omitted to be done.

As a complaint for a tort, the pleading is not helped out by the allegation that the defendant failed and neglected to measure the wood. The contract, as set out, was not binding on the defendant because for the sale of property for a price greater than fifty dollars, and consequently the neglect or refusal to measure was no breach of obligation or duty, and certainly could not be deemed negligence which caused or contributed to the injury. The only bearing of the averments concerning the contract would seem to be to show a license from the defendant to the plaintiff to place the wood upon or along the defendant's right of way, and to rebut any presumption of contributory negligence on the part of the plaintiff for having put the wood in an exposed position.

Whether the complaint contains a good statement of a cause of action, as we view it, must depend upon the force and import of the following averments, namely: "That the defendant's locomotive emitted sparks which communicated with said wood and destroyed the same; that said wood was destroyed by and through the carelessness of the defendant, her agents and employes."

Without doing violence to the language, these sentences may be combined in one, so as to express more clearly and less equivocally the probably intended meaning of the pleader;

that is to say : "That, through the carelessness of the defendant and her employes, sparks were emitted from the defendant's locomotive, and communicated with and consumed the wood."

The averments of the pleading in this respect are by no means faultless or clear, but the defendant having gone to trial thereon without objection, the verdict may be deemed to help out the pleading as against the motion in arrest. *Donellan* v. *Hardy*, 57 Ind. 393 ; *The Jeffersonville, etc., R. R. Co.* v. *Lyon*, 55 Ind. 477 ; *Alford* v. *Baker*, 53 Ind. 279 ; *The Pittsburgh, etc., R. R. Co.* v. *Nelson*, 51 Ind. 150 ; *The Indianapolis, etc., R. R. Co.* v. *Keeley's Adm'r*, 23 Ind. 133 ; *Beard* v. *First Presbyterian Church of Peru*, 10 Ind. 568 ; *The Indianapolis, etc., R. R. Co.* v. *McCaffery*, 72 Ind. 294. There was evidence tending to show the emission of sparks which caught in other wood, not owned by the plaintiff, from which it was communicated to and consumed the plaintiff's wood.

The next question in order is, whether the court erred in refusing to render judgment for costs in favor of the appellant, on the special finding. Under this assignment the proposition which the counsel for appellant argues is, that, on the facts found, the plaintiff was not entitled to recover at all, and that judgment should have been given for the defendant on the whole case, including costs. It would, perhaps, not be unfair to hold that the assignment is too narrow to embrace the proposition ; but, as counsel for appellee make no objection on this ground, we pass to a consideration of the question.

In answer to the 5th, 6th and 7th interrogatories, the jury found that the appellee piled his wood upon the right of way of the defendant about six feet from the track, and that the wood so piled was more likely or liable to take fire and burn from sparks or coals emitted from the locomotives of the defendant, than if it had been left where it was cut or upon

the land of the plaintiff. It is insisted that these facts show clearly that the plaintiff was guilty of negligence which contributed to his loss, and for that reason is not entitled to recover. We do not think it a necessary or even proper inference, from these facts alone, that there was contributory negligence on the part of the plaintiff. *The Indianapolis, etc., R. R. Co.* v. *Paramore*, 31 Ind. 143, and *The Pittsburgh, etc., R. R. Co.* v. *Nelson, supra*.

It remains to be considered whether a new trial should have been granted. We can not set aside the verdict on account of the amount of damages awarded, nor because not sustained by sufficient evidence. There was evidence which tended to support the right of action, and from which the jury might have found the amount of damages which was assessed, and, this being so, the rule which forbids our interference is too familiar to need re-statement or a citation of cases.

It is claimed, however, that the court erred in giving and in refusing instructions. Of these in the order in which they are presented in the brief of counsel for the appellant. It is insisted that the second instruction, given at the request of the plaintiff, was wrong, because it was therein charged that negligence was a question of fact which the jury were to determine from all the circumstances surrounding the case, while counsel submits that it was a mixed question of law and fact. The court was right in submitting it to the jury as a question of fact, and the counsel is right in claiming that it is a mixed question; but, if counsel deemed it important that the rule or doctrine should be given to the jury with technical fulness of statement, he should have proposed such an instruction. However, the instruction in question, beginning with the statement complained of, proceeded to state to the jury a series of facts and circumstances, on which, if proven, the plaintiff would be entitled to recover; and, taken as a whole, it is not apparent to us that it was

wrong or calculated to mislead the jury, to the injury of the appellant. A similar instruction was upheld in the case of *The Louisville, etc., R. W. Co.* v. *Richardson*, 66 Ind. 43. This instruction was not erroneous because it authorized the jury to consider, in reference to the charge of negligence, whether the defendant's employes were careless in reporting to the defendant the imperfect condition of the screens covering the smoke-stacks.

The fifth instruction so given was this: "If the season at which the fire occurred was unusually dry, the railroad company, defendant, was bound by law to take extra precautions against fire; and, if she did not do so, this fact may be considered in determining the question of negligence." There was no error in giving this instruction, a more specific one not having been asked. If a locomotive were running under a fall of drenching rain, it would hardly be deemed negligent if trackmen were not employed to extinguish emitted sparks or coals, however large and numerous; but if, on the contrary, everything was dry, and combustible material was accumulated upon or along the track, extra precautions would be required, which it would be negligence to omit; and the fact that the company used "machinery properly constructed and kept in repair with a view to prevent the spread of fire, and the engines were operated with care and skill to the same end," would not, in the case supposed in the instruction, necessarily constitute the proper precaution and care, unless, indeed, as demonstrated by experience, the machinery was so far perfect as that further safeguards or watchfulness were unnecessary; and of this there can hardly be a reasonable pretence, whether we speak generally or with reference to the case presented on the evidence in this record. Due care is a relative term, to be measured according to the circumstances of each case, and extra dangers call for extra precautions. The origin of the fire was not distinctly shown, but there was evidence that,

besides the wood of the plaintiff, others, with the consent of the appellant, had piled wood near by, and between that of the plaintiff and the railroad, and that fire emitted from a passing locomotive caught in this wood and thereby was communicated to the plaintiff's wood and consumed it. The instruction was therefore relevant.

It is claimed that a part of the sixth instruction, given at the request of the plaintiff, was erroneous; but, by reference to the record, we find that the part of the instruction complained of was not given. It is so stated on the margin of the instruction, over the signature of the judge who tried the cause.

By the seventh instruction so given, the jury was told that, "If Brown was to share in the proceeds of this wood, or if he had settled with the plaintiff for his interest therein, and so has nothing to do with this litigation, the plaintiff is the real party in interest, and such relation of Brown to the plaintiff is no bar to this suit." There was evidence that Brown cut the wood on the shares, and was to have the half of it when hauled out; and there was also evidence that he was to have an interest, not in the wood, but in the proceeds when sold, and that the plaintiff had settled with him for his interest, whatever it was. The instruction is obscurely and loosely drawn, but contains no error for which the judgment should be reversed. By the first instruction, given at the request of the defendant, and also by one given of the court's own motion, the jury was distinctly informed that, in order to recover, the plaintiff must have shown that the wood belonged to the plaintiff when burned; and this left no room for a misconstruction of the charge now under consideration. Besides, the jury found, in answer to an interrogatory, that the wood was the property of the plaintiff.

The court committed no error in refusing the seventh instruction asked by the defendant, because it contains the proposition, that, by placing his wood near the track of ap-

pellant's road, the plaintiff was guilty of negligence contributing to the loss, and this, without any reference to whether or not the plaintiff so placed his wood with the consent of the defendant. There was evidence tending to show that it was placed there with the defendant's consent.

Objection is also made to the first instruction given by the court of its own motion, because it does not state the degree of negligence, to wit, gross, necessary to make the defendant liable. The liability of the defendant did not depend on the degree of negligence; at least, it was not limited to gross negligence. On the subject of degrees in negligence see *The Michigan, etc., R. R. Co.* v. *Heaton,* 37 Ind. 448.

A further ground of objection made is, that, in stating on what facts proven the plaintiff might recover, there was no qualification that the injury must have occurred without the fault of the plaintiff. The record does not profess to contain all the instructions given. The court was not required to instruct in writing. It appears that the court of its own motion gave two instructions, by no means covering all phases of the case, and, at the request of one or the other party, gave a number of special instructions. In the absence of an affirmative showing, we may presume that the court gave any other instructions necessary to enable the jury to understand the law of the case. Besides, the appellant had an opportunity to move the court to supply the omission at the time, if it was deemed material; and, such motion not having been made, it should be deemed too late to raise the question here.

The averment, that the injury occurred without the fault of the injured party, must be made and proved by the party making it, but at the same time it is a negative averment, and if the plaintiff was able to show the loss charged in his complaint, and that it was caused by the negligence of the defendant as charged, without showing any contributory negligence or ground for inferring or reasonably suspecting

such negligence, he would be entitled to recover without making direct and affirmative proof on that subject. In the absence of circumstances to show or suggest it, there is no presumption of contributory negligence. *The Indianapolis, etc., R. R. Co.* v. *Paramore, supra.*

The court refused to require the jury to answer the following questions of fact submitted by the defendant:

"3d. If you answer number two (2) in the affirmative, then was it a locomotive attached to a passenger train or a freight train from which the fire escaped, and what direction was it going?"

"6th. If you answer interrogatory number five (5) in the affirmative, then in what way was said locomotive out of repairs?"

"7th. If you find that the fire that burned the wood escaped from the locomotive of the defendant, through the carelessness or negligence of any of its agents or employes, then you will find what one or more of them was so careless or negligent."

In answer to eight interrogatories which were submitted, the jury found the following facts: (1) That the wood in controversy was burned by fire, (2) which escaped from a locomotive of the defendant, (3) which locomotive was provided with the best known method to prevent the escape of fire therefrom, (4) but was out of repair at the time the fire escaped. (5) The plaintiff cut, hauled and piled the wood in question upon the right of way of the defendant and near its track, (6) about six feet therefrom, (7) and as a consequence the wood was more likely or liable to burn from sparks or coals emitted from the locomotives of defendant, than if it had been left where it was cut, or upon the land of the plaintiff, (8) whose property it was when burned.

In connection with these, the only facts which were specially found, was it material that answers should be had to the interrogatories which the court refused to submit?

Whether they were answered one way or another, was immaterial, because no pertinent answers which could have been returned by the jury could alone, or in connection with the facts which were found, have required a conclusion inconsistent with the general verdict. *Campbell* v. *Frankem*, 65 Ind. 591.

We would not be justified in so extending this discussion as to give a summary of the evidence, but we may say that it was possible for the jury to find from the proofs made that the wood was consumed by fire emitted from some locomotive of defendant which was out of proper repair, on account of somebody's negligence, and yet not be able to state what particular engine, nor just how it was out of repair, nor for whose fault, nor whether it was attached to a train going one way or the other, nor whether a freight or passenger train. It is not necessary, as counsel contends, that the jury "must have been satisfied from the evidence that fire did escape from some particular engine," any more than in a case of arson it would be necessary to show the particular hand, right or left, by which the accused plied the torch. By sections 336 and 337 of the code, it is provided that the court "in all cases, when requested by either party, shall instruct" the jury, "if they render a general verdict, to find specially upon particular questions of fact to be stated in writing," and "When the special finding of the facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." The plain purpose of these provisions is to enable parties to protect themselves against a misapplication by the jury of the law given them by the court to the facts proved in the case. For reasons well understood, such misapplications of law to facts frequently occur, but injurious consequences may well be guarded against by requiring the jury to answer as to questions of fact, unmixed with law, and, if the facts so found are inconsistent with the general verdict,

the court can correct the jury's mistake, and render the proper judgment.   It necessarily follows that, though the court may have refused to submit questions which the party had a right to ask, the error is harmless if the answers to the questions could not have been such as to control the general verdict.   *Campbell* v. *Frankem, supra.*

The following evidence of James Simpson the court refused to strike out, on defendant's motion, viz: "On the next Sunday after the plaintiff's wood was burned, there was a freight train passed about noon; it was throwing sparks at the time they were going up; can't say how large.   We went out to the road; the grass caught fire; it was very high and dry; I can not come any ways near the size of the sparks."

Several objections are made to this testimony, but we think it was warranted by the scope which was given to the evidence introduced on behalf of the defendant, much of which was given to show the manner of the construction of the locomotives, how carefully they were kept in repair and operated; and this evidence was fairly calculated to show, either in the first instance or in rebuttal, that the engines of the defendant, as made, repaired and operated, at and near the time and place of the accident, did emit sparks such as kindled into fires.   Under the issues, this was a pertinent inquiry.

Complaint is also made of the court's overruling certain questions propounded to its witnesses by defendant; but, as it was not stated to the court below what facts were expected to be elicited, there is no error in this respect. Neither was it error to refuse to allow the defendant to put in evidence the entries in books which were offered.   They were not *res gestæ* nor public records.   They were private entries in the private books of the company made by its agents in the course of their business, but not on that account admissible as evidence, however useful they may or might

Pittsburgh, Cincinnati and St. Louis Railroad Company *v.* Noel.

have been as memoranda, to be used in refreshing the memory of the witness who made them.

It is also insisted that the court erred in allowing the plaintiff to give in rebuttal evidence which should have been introduced in the first instance. It is largely in the discretion of the court, whether evidence shall be so admitted. It is not clear that the testimony complained of was not strictly rebutting; but, as the defendant was not refused an opportunity to oppose thereto other evidence, no wrong was done. We find no error in the record for which the judgment of the circuit court should be reversed.

The judgment is affirmed, with costs.

Opinion filed at November term, 1880.

Petition overruled at November term, 1881.

## ON PETITION FOR A REHEARING.—DISSENTING OPINION.

WORDEN, J.—As I can not concur in the views of a majority of the court in overruling the petition for a rehearing in this cause, I proceed to state briefly the principal ground of my dissent.

As some of the objections urged to the second charge given by the court are made, for the first time, in the brief of counsel filed on the petition for a rehearing, I pass that charge.

The fifth charge given, though contained in the original opinion, may, as it is short, be repeated here. It was as follows: "If the season at which the fire occurred was unusually dry, the railroad company, defendant, was bound by law to take extra precautions against fire; and, if she did not do so, this fact may be considered in determining the question of negligence." This instruction, as applied to the case made by the complaint and the evidence, was, in my opinion, wrong and well calculated to mislead the jury.

The complaint alleged that "the defendant's locomotive emitted sparks which communicated with said wood and destroyed it." The proof tends to support this allegation; that

is, that the sparks from the engine communicated directly with the wood. There was no evidence whatever that the sparks ignited any combustible matter left by the defendant on the line of its road, and spread thence to the wood in question.

It may be true, that, in an unusually dry season, a railroad company would be bound to exercise more care in keeping its track or line of road free from combustible matter, than in a different season. Diligence in this respect ought, it would seem, to be proportionate to the danger. But no one can complain of such matter being left upon the line of a railroad who has not been injured by it.

The charge might, perhaps, have been unobjectionable, as applicable to the duty of the defendant to exercise more care in a dry season than a wet one, in keeping its track free from combustible materials, if the evidence had shown that the injury arose from such materials being on the track. But such was not the evidence. Moreover, the locomotive emitting the sparks was passing, it would seem, in the ordinary course of business, and not standing on the track in close proximity to the plaintiff's wood. Herein the case differs from that of *Fero* v. *The Buffalo, etc., R. R. Co.*, 22 N. Y. 209. In that case the court said : "The nearness of the plaintiff's property to the engine, the constant emission of combustible matter, and the direction and force of the wind, were all circumstances calculated to admonish those having charge of the locomotive, of the imminent danger of remaining in that position without exercising a prudent circumspection of the surroundings."

The case is one in which a passing locomotive emitted sparks, which set fire to the plaintiff's wood and destroyed it ; and, in reference to the case, the court said to the jury that, if the season was unusually dry, the defendant was bound to take extra precautions against fire. The charge was misleading. It was not equivalent, in my opinion, to a statement that the greater the danger the more care

should be taken to avoid it. It may well have been understood by the jury to mean, that, although the defendant may have employed the best and most approved machinery practicable, with a view to prevent the spread of fire, and may have used the same in running upon the road, with a degree of care and skill commensurate with the danger, yet, if the season was a dry one, the defendant was bound to take some "extra" or further precautions against fire.

I do not controvert the general legal proposition, that the greater degree of danger the greater degree of care is required, by reasonable prudence, to avoid it. But when care has been taken commensurate with the danger, no extra precautions can be required.

If the defendant was not in default, either in the character of its machinery, or in the manner of using it, I can not conceive of any further precautions it would have been required to take, unless it be to have employed watchmen along the line of the road to prevent or discover and extinguish fires. But this the defendant was not bound to do. *The Indianapolis, etc., R. R. Co.* v. *Paramore,* 31 Ind. 143. The following extract from the opinion in that case is appropriate and in point here : "It was the duty of the company," said ELLIOTT, C. J., speaking for the court, "to use reasonable precaution by providing properly-constructed machinery, and the duty of its servants to use reasonable care and diligence in its use, to avoid the communication of fire to the shed and wood ; but no reason is perceived why the company was under any more obligation than the plaintiff to be at the expense of keeping a watchman stationed there, to protect the shed and wood and extinguish any fire that might be kindled by unavoidable accident. Every proprietor adjoining a railroad may lawfully deposit his property or goods, or erect valuable buildings on his own premises, in close proximity to such road ; but, in doing so, he takes upon himself the risk of danger of fire being communicated thereto

without the fault of the railroad company or its servants. And the existence of such danger does not impose on the company any obligation to incur the expense of a guard. The establishment of such a principle would require railroad companies to station guards along the whole line of their roads.''

If, under the circumstances of the case, there was any extra precaution which the defendant was bound to take in consequence of the aridity of the season, no indication of its character is found in the charge. On the contrary, the jury were left wholly at sea without compass, polar star or landmark. They may well have thought, under the charge, that, though the defendant may have been without fault in respect to its machinery or its management of it, something more, something extra was required ; and finding that no such extra precautions were taken, they would of course find for the plaintiff. It was left wholly to the conjecture of the jury to determine what the necessary extra precautions were ; and it seems to me that they would be quite as likely to conjecture that it was necessary to station men along the line of the road to guard against fire, as any thing else.

For these reasons, somewhat hurriedly stated, I am of opinion that the charge was wrong, and should not have been given, and consequently that the petition for a rehearing should be granted.

HOWK, J., fully concurs in the foregoing opinion, and, for the reasons there given, is also of the opinion that a rehearing ought to be granted.