## PITTSBURGH, CINCINNATI & ST. LOUIS RAILWAY CO. v. PHILLIP NOEL.

1. *Negligence in Actions ex Contractu and ex Delicto—Pleading*—Where personal property is sold, and is, at the instance of the purchaser, placed where it is to be delivered by the terms of the contract, the title does not thereby pass, if something has to be done, as measurement, and if there has been no act of acceptance; and an action for the destruction thereof by the negligence of the purchaser, sounds in tort, and a complaint is bad which does not clearly show this.

2. *Arrest of Judgment on Defective Pleading.*—If a complaint is faulty, the defects may be waived by going to trial without objection, so that the verdict will be deemed to help out the pleading as against a motion for arrest of judgment.

3. *Contributory Negligence.*—Where a railroad company purchases wood, and directs it to be placed on the right of way, and it is so placed, and has not been so accepted as to pass the title to the company, and it is alleged that it has been destroyed by the negligence of the company's agents, the fact that the wood was placed so near the track that it was liable to be burned by sparks from the locomotive, is not sufficient to show contributory negligence on the part of the seller.

4. *Negligence a Mixed Question of Law and Fact.*—Negligence is a mixed question of law and fact, and is therefore to be submitted to the jury to be determined as a matter of fact.

5. *Instructions.*—Where counsel wish a mixed question to be given to the jury with technical fullness of statement, they should propose an instruction for this purpose. An instruction may recite circumstances, which, if proven, will entitle the plaintiff to recover.

5. *Negligence Determined by Circumstances.*—A company is liable for the carelessness of employees in failing to report the imperfect condition of the smoke screens on locomotives; and for the want of *extra care* when a season is unusually dry, or circumstances are favorable to produce accident. Due care is a relative term to be measured according to the circumstances of each case, and extra dangers call for extra precautions.

7. *Degrees of Negligence.*—Hereon 37 Ind., 448, is referred to.

8. *Presumption as to Instructions.*—In the absence of an affirmative showing to the contrary, it will be presumed that all instructions were given by the court below, necessary to enable the jury to understand the law of the case. And if the party has failed to supply any omission at the time, he cannot be allowed to object in the Supreme Court to such omission.

9. *Presumption as to Contributory Negligence.*—In the absence of circumstances to show or suggest it, there is no presumption of contributory negligence.

10. *Immaterial Special Interrogations.*—Such interrogations need not to be submitted, on request, to the jury.

11. *Specific Cause of Injury.*—It is not necessary to show what particular engine set the fire which has destroyed property of the complainant.

12. *Circumstantial Evidence.*—On rebuttal, it may be shown that the engines used by the company did emit dangerous sparks, ordinarily.

13. *Excluding Evidence.*—A court may properly exclude evidence, if the facts expected to be elicited by particular questions are not stated to the court.

14. *Entries in Corporation Books*—Entries in the private books of a corporation are not, in themselves, admissible evidence, not being *res gestæ* nor public records.

15. *Evidence in Rebuttal.*—It is largely in the discretion of the court, to admit evidence in rebuttal which might have been introduced in the first instance.

Filed March 18, 1881.

Appeal from Cass.

Opinion of the court by Mr. Justice Woods.

It is claimed that the Circuit Court erred:

(1). In refusing to arrest the judgment; (2), in refusing to render judgment for the defendant for the costs on the special findings of the jury; (3), in refusing the appellant a new trial.

First, then, as to the motion in arrest of judgment. The second paragraph of the complaint, which alone remains in the record, is substantially as follows:

That on or about the first day of February, 1871, the plaintiff hauled to the track of the defendant three hundred cords of wood, which defendant had agreed with plaintiff, if plaintiff would so deliver the same, to measure, without unreasonable delay, and when measured to pay him therefor, two dollars and twenty-five cents per cord.

That in compliance with the agreement, the plaintiff delivered the wood on the track of the defendant at the place indicated and shown him by the defendant, and notified the defendant of such delivery. That the defendant, after being so notified, refused and neglected to measure it, and while lying there, the defendant's locomotive emitted sparks which communicated with said wood, and destroyed it.

That the wood was destroyed by and through the carelessness of the defendant and her agents and employees, and without the fault of the plaintiff. That the wood so destroyed was worth five hundred dollars, and the plaintiff damaged in that sum; for which judgment is demanded, with other proper relief.

Question is made whether this is a complaint in tort or in contract, the appellant insisting that it is good in neither view, while the appellee argues that it may be good in either or both aspects, but claims it to be, in fact, a complaint sounding in tort. Clearly it can not be good in both aspects; for, if good as for a breach of contract, it must be upon the theory that the title of the wood had passed to the defendant.

That being so, the averments that the wood was burned and destroyed by reason of the defendant's negligence, show no tort or wrong toward the plaintiff. But under the facts averred, we do not think the wood had passed into the ownership of the defendant.

There was still a measurement to be made according to the agreement, and until that or some other act of acceptance had occurred, the title remained in the plaintiff.

It remains, therefore, to be considered whether, as against a motion in arrest of judgment, the complaint shows a good cause of action for the wrongful and negligent burning of the wood by the defendant. It is objected to the pleading that it does not show any act of negligence nor that any specified thing

was negligently done, nor that anything was negligently omitted to be done.

As a complaint for a tort the pleading is not helped out by the allegation that the defendant failed and neglected to measure the wood. The contract as set out was not binding on the defendant, because for the sale of property for a price greater than fifty dollars, and consequently the neglect or refusal to measure was no breach of obligation or duty, and certainly could not be deemed negligence which caused or contributed to the injury.

The only bearing of the averments concerning the contract would seem to be to show a license from the defendant to the plaintiff to place the wood upon or along the defendant's right of way, and to rebut any presumption of contributory negligence on the part of the plaintiff for having put the wood in an exposed position.

Whether the complaint contains a good statement of a cause of action, as we view it, must depend upon the force and import of the following averments, namely: That the defendant's locomotive emitted sparks which communicated with said wood and destroyed the same; that said wood was destroyed by and through the carelessness of the defendant, her agents and employees.

Without doing violence to the language, these sentences may be combined in one, so as to express more clearly and less equivocally the probably intended meaning of the pleader; that is to say: "That through the carelessness of the defendant and her employees, sparks were emitted from the defendant's locomotive, and communicated with and consumed the wood."

The averments of the pleading in this respect are by no means faultless or clear, but the defendant having gone to trial thereon without objection, the verdict may be deemed to help out the pleading as against the motion in arrest.

*Donellan* v. *Hardy,* 57 Ind. 393; *Tho J. M. & I. R. R. Co.* v. *Lyon,* 55 Ind. 477; *Alford* v. *Baker,* 53 Ind. 279; *P. C. & St. L. R. R. Co.* v. *Nelson,* 51 Ind. 150; *I. P. & C. R. R. Co.* v. *Keeley's Admr's.* 23 Ind. 133; *Beard et ux.* v. *Presbyterian Church of Peru,* 10 Ind. 568; *Indianapolis Vincennes R. R. Co.* v. *McCoffery* (at this term).

The next question in order is whether the Court erred in refusing to render judgment for costs in favor of the appellant on the special finding.

Under this assignment, the proposition which the counsel of appellant argues, is that on the facts found, the plaintiff was not entiled to recover at all; that judgment should have been given for the defendant on the whole case including costs.

It would perhaps not be unfair to hold that the assignment is too narrow to embrace the proposition; but as counsel for appellee makes no objection on this ground, we pass to a consideration of the question.

In answer to the 5th, 6th, and 7th interrogatories, the jury found that the appellee piled his wood upon the right of way of the defendant about six feet from the track, and that the wood so piled was more likely or liable to take fire and burn from sparks or coals emitted from the locomotives of the defendant, than if it had been left where it was cut, or upon the land of the plaintiff.

It is insisted that these facts show clearly that the plaintiff was guilty of negligence which contributed to his loss, and for that reason is not entitled to recover.

We do not think it a necessary, or even proper inference, from these facts alone, that there was contributory negligence on the part of the plaintiff.

The *I. & C. R. R.* v. *Paramore*, 31 Ind., 143, and 51 Ind., 150, cited supra.

It remains to be considered whether a new trial should have been granted. We cannot set aside the verdict on account of the amount of damages awarded, nor because not sustained by sufficient evidence.

There was evidence which tended to support the right of action, and from which the jury might have found the amount of damages which was assessed, and this being so the rule which forbids our interference is too familiar to need restatement or a citation of cases.

It is claimed, however, that the court erred in giving and in refusing instructions. Taking these in the order they are presented in the brief of counsel for the appellant, it is insisted

that the second instruction, given at the request of the plaintiff, was wrong, because it was therein charged that negligence was a question of fact which the jury were to determine, from all the circumstances surrounding the case, while counsel submits that it was a mixed question of law and fact. The court was right in submitting it to the jury as a question of fact, and the counsel is right in claiming that it is a mixed question; but if counsel deemed it important that the rule or doctrine should be given to the jury with technical fulness of statement, he should have proposed such an instruction.

However, the instruction in question, beginning with the statement complained of, proceeded to state to the jury a series of facts and circumstances on which, if proven, the plaintiff would be entitled to recover, and taken as a whole, it is not apparent to us that it was wrong or calculated to mislead the jury to the injury of the appellant.

A singular instruction was upheld in the case of the *L. N. A. & C. R. W. Co.* v. *Richardson*, 66 Ind., 43.

This instruction was not erroneous because it authorized the jury to consider in reference to the charge of negligence whether the defendant's employees were careless in reporting to the defendant the imperfect condition of the screens covering the smoke stacks.

The 5th instruction so given was this: If the season at which the fire occurred was unusually dry, the R. R. Co. defendant, was bound by law to take extra precautions against fire, and if she did not do so, this fact may be considered in determining the question of negligence."

This is good sense and good law. If a locomotive were running under a fall of drenching rain, it would hardly be deemed negligent if trackmen were not employed to extinguish emitted sparks or coals however large and numerous, but if, on the contrary, everything was dry, and combustible material was accumulated upon or along the track, extra precautions would be required which it would be negligence to omit; and the fact that the company used "machinery properly constructed and kept in repair with a view to prevent the spread of fire and the engines were operated with care and skill to the same end," would not,

in the case supposed in the instruction, necessarily constitute the proper precaution and care unless, indeed, as demonstrated by experience, the machinery was so far perfect as that further safeguards or watchfulness were unnecessary, and of this there can hardly be a reasonable pretense whether we speak generally or with reference to the case presented on the evidence in this record.

Due care is a relative term, to be measured according to the circumstances of each case, and extra dangers call for extra precautions.

It is claimed that a part of the 6th instruction given at the request of the plaintiff was erroneous, but by reference to the record we find that the part of the instruction complained of was not given.

It is so stated on the margin of the instruction over the signature of the Judge who tried the case.

By the seventh instruction so given the jury was told that "If Brown was to share in the proceeds of this wood, or if he had settled with the plaintiff for his interest therein, and so has nothing to do with this litigation, the plaintiff is the real party in interest, and such relation of Brown to the plaintiff is no bar to this suit."

There was evidence that Brown cut the wood on the shares, and was to have half of it when hauled out, and there was also evidence that he was to have an interest, not in the wood, but in the proceeds when sold; and that the plaintiff had settled with him for his interest whatever it was.

The obstruction is obscurely and loosely drawn, but contains no error for which the judgment should be reversed.

By the first instruction given at the request of the defendant, and also by one given of the court's own motion, the jury was distinctly informed that in order to recover the plaintiff must have shown that the wood belonged to the plaintiff when burned, and this left no room for a misconstruction of the charge now under consideration.

Besides, the jury found in answer to an interrogatory that the wood was the property of the plaintiff.

The court committed no error in refusing the seventh in-

struction asked by the defendant, which contains the proposition that by placing his wood near the track of appellant's road, the plaintiff was guilty of negligence contributory to the loss, and this without any reference to whether or not the plaintiff so placed his wood with the consent of the defendant.

Objection is also made to the first instruction by the court of its own motion, because it does not state the degree of negligence towit, gross, necessary to make the defendant liable. The liability of the defendant did not depend on the degree of negligence, at least it was not limited to gross negligence. On the subject of degrees in negligence, see *The* M. *S. & U. T. R. R. Co.* v. *Heaton*, 37 Ind., 448.

A further ground of objection made is that in stating on what facts are proven the plaintiff might recover, there was no qualification that the injury must have occurred without the fault of the plaintiff.

The record does not profess to contain all the instructions given. The court was not required to instruct in writing. It appears that the court of its own motion gave two instructions by no means covering all phases of the case, and at the request of one or the other party, gave a number of special instructions.

In the absence of an affirmative showing, we may presume that the court gave any other instructions necessary to enable the jury to understand the law of the case. Besides, the appellant had an opportunity to move the court to supply the omission at the time, if it was deemed material, and such motion not having been made, it should be deemed too late to raise the question here.

The averment that the injury occurred without the fault of the injured party must be made and proved by the party making it, but at the same time it is a negative averment, and if the plaintiff was able to show the loss charged in his complaint and that it was caused by the negligence of the defendant as charged, without showing any contributory negligence or ground for inferring or reasonably suspecting such negligence, he would be entitled to recover without making direct and affirmative proof on that subject.

In the absence of circumstances to show or suggest it, there

is no presumption of contributory negligence.   The *T. & C. R. R. Co.* v. *Paraman*, *supra*.   The court refused to require the jury to answer the following questions of fact submitted by the defendant:

"No. 3.   If you answer number (2) in the affirmative, then was it a locomotive attached to a passenger train or a freight train from which the fire escaped, and what direction was it going?"

"6th.   If you answer interrogatory number (5) five in the affirmative, then in what way was said locomotive out of repairs?"

"7th.   If you find that the fire that burned the wood escaped from the locomotive of the defendant through the negligence or carelessness of any of its agents or employees, then you will find what one or more of them was so careless or negligent."

In answer to eight interrogatories which were submitted, the jury found the following facts:   (1.) That the wood in controversy was burned by fire; (2.) which escaped from a locomotive of the defendant; (3.) which locomotive was provided with the best known method to prevent the escape of fire therefrom; (4.) but was out of repair at the time the fire escaped; (5.) the plaintiff cut, hauled and piled the wood in question upon the right of way of the defendant, and near its track; (6.) about six feet; (7.) and as a consequence the wood was more likely or liable to burn from sparks or coals emitted from the locomotives of defendant, than if it had been left where it was cut, or upon the land of the plaintiff; (8.) whose property it was when burned.

In connection with these the only facts which were specially found was it material that answers should be had to the interrogatories which the court refused to submit?

Whether they were answered one way or another was immaterial, because no pertinent answers which could have been returned by the jury could alone or in connection with the facts which were found have required a conclusion inconsistent with the general verdict.   *Campbell* v. *Franklin*, 65 Ind., 591.

We would not be justified in so extending this discussion as

to give a summary of the evidence, but we may say that it was possible for the jury to find from the proofs made that the wood was consumed by fire emitted from some locomotive of defendant, which was out of proper repair on account of somebody's negligence, and not be able to state what particular engine, nor just how it was out of repair, nor for whose fault, nor whether it was attached to a train going one way or the other, nor whether a freight or passenger train.

It is not necessary, as counsel contends, that the jury "must have been satisfied from the evidence that fire did escape from some particular engine," any more than in a case of arson it would be necessary to show the particular hand, right or left, by which the accused plied the torch.

By sections 336 and 387 of the code it is provided that the court, "in all cases when requested by either party, shall instruct the jury, if they render a general verdict, to find separately upon particular questions of fact to be stated in writing," and when the special finding of the facts is inconsistent with the general verdict, the former shall control the latter and the court shall give judgment accordingly.

The plain purpose of these provisions is to enable parties to protect themselves against a misapplication by the jury of the law given them by the court to the facts proven in the case. For reasons well understood, such misapplications of law to facts frequently occur, but injurious consequences may well be guarded against by requiring the jury to answer as to questions of fact inimical with the law, and if the facts so found are inconsistent with the general verdict, the court can correct the jury's mistake and render the proper judgment.

It necessarily follows that though the court may have refused to submit the questions which the party had a right to ask, the error is harmless if the answers to the questions could not be such as to control the general verdict. *Campbell* v. *Franken*, 65 Ind., 591.

The following evidence of James Simpson, the court refused to strike out on defendant's motion, viz.: " On the next Sunday after plaintiff's wood was burned, there was a freight train passed about noon. It was throwing sparks at the time they

were going up. Can't say how large. We went out to the wood, the grass caught fire, it was very high and dry. I can not come any ways near the size of the sparks."

Several objections are made to this testimony, but we think it was warranted by the scope which was given to the evidence which was introduced on behalf of the defendant, much of which was given to show the manner of the construction of its locomotives, how carefully they were kept in repair and operated, and this evidence was fairly calculated to show in the first instance, on a rebuttal, that the engines of the defendant, as made, repaired and operated, at and near the time and place of the accident did emit sparks such as kindle into fires. Under the issues, this was a pertinent inquiry.

Complaint is also made of the court's overruling certain questions propounded to its witnesses by defendant, but as it was not stated to the court below what facts were expected to be elicited, there is no error in this respect. Neither was it an error to refuse to allow the defendant to put in evidence the entries in books which were offered. They were not *res gestæ* nor public records; they were private entries in the private books of the company, made by its agents in the course of their business, but not on that account admissible as evidence, however useful they may or might have been, as memoranda, to be used in refreshing the memory of a witness or witnesses.

It is also insisted that the court erred in allowing the plaintiff to give in rebuttal evidence which should have been introduced in the first instance. It is largely in the discretion of the court, whether evidence shall be so admitted.

Is it not clear that the testimony complained of was not strictly rebutting, but as the defendant was not refused an opportunity to oppose thereto other evidence, no wrong was done.

We find no error in the record for which the judgment of the court below should be reversed.

The judgment is affirmed with costs.