## THE PITTSBURGH, CINCINNATI AND ST. LOUIS RAILROAD COMPANY *v.* NELSON.

NEGLIGENCE.—*Railroad.*—*Injury by Fire from Locomotive.*—A complaint sufficiently charges an injury to have been caused by the negligence of a railroad company, which alleges that the plaintiff placed cord-wood on the right of way and line of the railroad under a contract of the company to purchase it; that the agents of the company unreasonably delayed measuring and accepting the wood; that the company negligently permitted an accumulation of grass, weeds and other combustible material along the railroad track and right of way; that coals of fire were negligently dropped, and sparks emitted, from the locomotive of the company, which set fire to said accumulation of grass, etc., and the fire was thereby communicated to the wood, and destroyed it.

SAME.—A general allegation of negligence is sufficient, and under it the facts showing negligence may be proved.

SAME.—*Care and Skill in the Construction and Use of Engines.*—It is not a sufficient defence to an action for injury caused by fire communicated from a passing locomotive, by means of combustible material accumulated along a railroad track and in the right of way of the railroad company, to property of another rightfully near said track and on said right of way, that the company used on its locomotives such machinery as was in common and general use, and approved by experience, to prevent fire from being communicated from them; for, though the law does not require absolute scientific perfection in the construction of engines, it does require the exercise of a high degree of care and skill to ascertain, as near as may be, the best plan for their construction; and it also requires not only that skilled and experienced workmen shall be employed in their construction, but that due skill be exercised in the particular instance where injury has resulted from the use of a particular engine.

SAME.—*Contributory Negligence.*—*Contract.*—If a person places cord-wood upon the right of way and near the track of a railroad, under an agreement, express or implied, with the company, so to do, he does not thereby contribute to an injury caused by the destruction of the wood by fire communicated from a passing locomotive.

SAME.—*Negligence Inferred from Permitting Combustible Matter Along Track.* Negligence of a railroad company may be inferred where, cord-wood of another being within its right of way, it permits such an accumulation of dry grass, weeds and other combustible matter within its right of way, exposed to ignition from its engines, communicable to such wood, as would not be permitted by a prudent and cautious man upon his own premises exposed to the same hazard.

From the Grant Circuit Court.

The Pittsburgh, Cincinnati and St. Louis Railroad Co. *v.* Nelson.

*N. O. Ross*, for appellant.

BUSKIRK, C. J. — The appellee sued the appellant, to recover the value of wood alleged to have been burned by the negligence of the appellant.

Issue; trial by a jury, verdict for the appellee; motion for a new trial overruled, and judgment on the verdict.

The errors assigned are:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That the court erred in overruling a motion in arrest of judgment.

3. The court erred in overruling the motion for a new trial.

The first and second assignments of error present the same question, and will be considered together.

The substance of the complaint is, that the agent of the appellant, having ample power so to do, entered into a contract with plaintiff to cut, deliver and cord, on the line of said railroad, thirty-four and one-half cords of wood; that it was agreed that the agent of appellant would measure, estimate and accept such wood within a few weeks after it was corded; that during the months of February, March and April, of 1870, the plaintiff cut and put up on the line of said railroad, more than fifteen feet from said railroad track, said cord-wood; that the agents of the said company failed and neglected to measure, estimate and accept said wood; that on or about the 4th day of October, of said year, being a time of long-continued and extreme drouth, and while a strong wind was blowing from the direction of said railroad track towards the said wood of plaintiff, opposite said track, coals were negligently dropped and sparks emitted from the locomotive of appellant, which set on fire an accumulation of dry grass, weeds and rubbish, and other combustibles, suffered to gather beside the said track and on their right of way, and that said fire, through the medium of said dry grass, weeds, rubbish and other combustible materials, so

gathered upon said right of way, as aforesaid, was communicated to the said wood of the said plaintiff, and burnt and destroyed all of said wood, to plaintiff's damage seventy-five dollars, for which sum judgment was demanded.

The right to recover is based upon the negligence of the appellant. The averments in the complaint in reference to the contract of purchase and storage of the wood are matters of inducement, tending to show that the wood was placed upon the line of the railroad with the knowledge and consent of appellant, thereby imposing upon the railroad company the duty of exercising ordinary care towards the said wood. If the wood was placed upon the line of the railroad and within the right of way, without authority of the appellant, the appellee could not recover, because he was guilty of negligence in exposing his property to the dangers and hazards incident to the running of locomotives over the track of said road. If, on the other hand, the wood was placed there under a contract of purchase, and the agents of appellant unreasonably neglected to measure and accept the same, and it was destroyed by the negligence of the agents of appellant, the appellant would be liable.

It is contended by counsel for appellant, that it is not sufficiently charged in the complaint that the injury was caused by the negligence of the appellant. We do not think so. The complaint charges that the wood was placed upon the right of way on the line of the road, under a contract of purchase; that the agents unreasonably delayed measuring and accepting the wood; that the company permitted an accumulation of grass, weeds and other combustible materials; that coals were negligently dropped and sparks emitted from the locomotive of the defendant, which set on fire an accumulation of dry grass, weeds and rubbish and other combustible materials, which the defendant had negligently suffered to gather beside the said track and on her said right of way; and that said fire was, through the medium of said grass, etc., communicated to said wood, and burned and destroyed the same.

A general allegation of negligence is sufficient, and under it the facts showing negligence may be proved. *The O. & M. R. W. Co.* v. *Selby*, 47 Ind. 471, and authorities there cited.

We think the complaint is good.

We proceed to inquire whether the court erred in overruling the motion for a new trial.

It is claimed that the court erred in refusing to give the fourth and eighth instructions, as asked by appellant, and in giving them with modifications. The fourth instruction, as asked, was as follows:

" 4. If the jury are satisfied that the fire originated from sparks or coals from the locomotive, yet the plaintiff is not entitled to recover, if you find the defendant used on their locomotives such machinery as was in common and general use to prevent fire from being communicated to any combustible substance outside said locomotive, and had been approved by experience."

The court refused the charge as asked, but gave it with the following modification: " Unless there were other negligent acts on the part of the company or her agents."

The instruction, as asked, was clearly incorrect. It proceeded upon the theory that the company was relieved of liability, if it used on its locomotives such machinery as was in common and general use to prevent fire from being communicated to any combustible substance, and which had been approved by experience. If the smoke-stacks and ash-pans used by the appellant were so perfect, when in order, that sparks could not escape and coals of fire could not drop, then the fact that sparks escaped or coals of fire dropped afforded evidence of some weight that the engine which caused the fire was out of order or was improperly worked.

If the company, by availing itself of all the discoveries which science and experience have put within its reach, could have constructed its machinery so perfect as to prevent the emission of sparks or the dropping of coals, and if the machinery used in this case was not so perfect as to

accomplish this purpose, the fact that the machinery used was such as was in common and general use, and had been approved by experience, did not relieve the appellant from liability.

While the law does not require absolute scientific perfection in the construction of engines, it does require the exercise of a high degree of care and skill, to ascertain, as near as may be, the best plan for construction of engines; and it requires not only that skilful and experienced workmen shall be employed in their construction, but that due skill was exercised in the particular instance. *Gagg* v. *Vetter*, 41 Ind. 228, and authorities there cited.

The evidence offered by the appellant, in reference to the construction and condition of the engines, related to the engines generally used on that part of the road; but there was no evidence as to the particular engine which caused the fire.

The instruction under examination is subject to the same objection, for it has reference to the engines generally in use on that part of the road, and not to the engine which caused the fire.

The addition made to the instruction by the court did not make it correct. The jury had the right to infer from the language of the court that the instruction, as asked, was correct as matter of law, and that the plaintiff could not recover unless the company was guilty of other negligent acts. The instruction, as given, was more favorable than the appellant had the right to ask or expect.

The eighth instruction, as asked, was in these words:

" If the jury find that the plaintiff, at his own instance and without any contract or agreement with the defendant so to do, placed his wood on the right of way of the defendant, the negligence of the plaintiff contributed to the destruction of said wood, and he cannot recover." The court refused to give the instruction as asked, but modified it by adding after the word "agreement" the words "either express or implied."

The modification was eminently proper, and brought the instruction within the rule laid down by this court in *The Ind. & Cin. R. R. Co.* v. *Paramore*, 31 Ind. 143.

Counsel for appellant also contends that the court erred in giving the first instruction given by the court of its own motion, and the first instruction given at the request of appellee, and they are as follows:

" 1. If the jury find that the defendant permitted grass to grow up and accumulate on the right of way of defendant, which caught fire from the locomotive of the defendant, such conduct of the defendant, in permitting said grass to grow and accumulate, was negligence, and you should find for the plaintiff."

First instruction given at request of appellee:

" You will determine from the evidence whether the defendant permitted such an accumulation of dry grass, weeds or other combustible matter within her right of way, exposed to ignition by her engine, as would not be permitted or done by a prudent and cautious man upon his own premises, if exposed to the same hazard from fire as an accumulation of dry grass and weeds upon the right of way of defendant. If you find that the defendant in this respect has acted as a careful and prudent man would have done under the same circumstances, then she is not in law guilty of negligence in thus acting. But if the evidence fully satisfies you that the defendant did, in fact, permit such an accumulation of combustible matter as above mentioned upon the site of her road as would not have been permitted by a cautious and prudent man upon his own premises, if exposed to the same hazard from fire, then you may infer negligence from such acts; and if you find from the evidence that fire escaped from an engine operated by the defendant, setting fire to accumulated dry grass and weeds within the right of way of defendant's road, in consequence of which the plaintiff's wood was destroyed, then the defendant is liable."

We think the instructions given, when construed together,

were correct. *The Toledo, etc., R. W. Co.* v. *Wand*, 48 Ind. 476.

We have duly considered the evidence, and think it very fully sustains the verdict.

We think the court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

Opinion filed November term, 1874; petition for a rehearing overruled November term, 1875.