BELL v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY.

64 321
89 572
64 321
f131 687

1. **Continuance**: ABSENCE OF WITNESS: MOTION TOO LATE. A motion for a continuance on account of the absence of a witness, when filed, without sufficient excuse for the delay, after the second day of the term, was properly overruled. Code, § 2752.

2. **Practice**: PRODUCTION OF MUTILATED PAPER: SECONDARY EVIDENCE TO RESTORE. Where defendant's counsel, upon mere request, handed to plaintiff's counsel a notice served on defendant in the case, the fact that the paper was procured without formal notice to produce it was no reason for excluding secondary evidence of its original contents,—the claim being made by plaintiff that the paper had been mutilated.

3. ———: AMENDING PETITION AFTER ANSWER WITHOUT LEAVE: EVIDENCE: NO PREJUDICE. Where, after answer filed, alleging the failure of plaintiff to serve a sufficient notice to entitle him to recover, the plaintiff, without leave of court, amended his petition by attaching a copy of the notice, *held* that, while the practice was irregular, yet, as the very question of the sufficiency of the notice was put in issue by the answer, defendant was not prejudiced by the admission of evidence pertaining thereto.

4. **Evidence**: ERROR IN ADMITTING: CURED BY INSTRUCTION. In this case, an alleged error in the admission of testimony, if there was any error, was cured by the instructions of the court, and cannot now be urged as a ground of reversal.

5. **Railroads**: REASONABLE TIME TO REBUILD FENCE: QUESTION FOR JURY. It cannot be said as a matter of law that from Friday evening to Sunday evening was not a reasonable time for a railway company to rebuild thirty rods of fence destroyed by fire. It was a proper question to submit to the jury with all the facts.

6. ———: FIRE FROM ENGINE: EVIDENCE OF OTHER FIRES. In an action to recover for property alleged to have been destroyed by a fire set out by one of defendant's engines, it was error to permit plaintiff to show that

other fires occurred along the right of way in that vicinity, shortly after the engines passed over the road, and before the fire that destroyed plaintiff's property. See *Babcock v. C. & N. W. R'y Co.*, 62 Iowa, 593, and *Hudson v. Same*, 59 Id., 581.

### *Appeal from Appanoose Circuit Court.*

THURSDAY, SEPTEMBER 18.

THIS is an action to recover double the value of certain cattle alleged to have been killed by one of the defendant's engines at a point on its railroad where it had the right to keep and maintain a fence, and where, at the time of the accident, there was no fence. The petition also contained a cause of action for allowing fire to escape from one of defendant's engines and destroying a fence, the property of plaintiff. There was a trial by jury, and a verdict and judgment for plaintiff. Defendant appeals.

*Stiles & Beaman*, for appellant.

*Tannehill & Fee*, for appellee.

ROTHROCK, CH. J.—I. The defendant filed an application for a continuance, after the second day of the term at which the action was tried, on the ground of the absence of one of its witnesses. The motion was overruled. This is the first ground of complaint by appellant. We think the ruling was correct. The deposition of the witness should have been taken, and no sufficient reason is shown for not filing the application for continuance by the second day of the term, as required by section 2752 of the Code. We need not set out the application.

*1. CONTINU- ANCE: absence of witness: motion too late.*

II. After the cattle were killed, the plaintiff served a notice on an agent of the defendant, claiming double the value of the cattle as damages. The original notice was left with the agent, and, at the request of the plaintiff's counsel made during the trial, the defendant's counsel handed them the notice. It was

*2. PRACTICE: production of mutilated paper: secondary evidence to restore.*

claimed by plaintiff that a part of the paper which contained the signature of the plaintiff and the *jurat* to the affidavit, which was on a separate slip of paper and attached to the other paper by a pin, had been removed. This the defendants denied; and the court permitted the plaintiff to prove the contents of that part which it was claimed had been detached. It is said that plaintiff served no notice upon the defendant to produce the paper, and, therefore, had no right to introduce secondary evidence of any part of its contents. But no notice was necessary to be served. The defendant, upon request, delivered what it claimed was all of the paper which was served upon it. This the plaintiff disputed, and it was perfectly competent, under these circumstances, to introduce evidence to show that some of the paper had been detached, and to prove the contents of that part not produced.

III. Neither the original nor a copy of the affidavit and notice of loss was set out in or attached to the original peti-

3. ——: amending petition after answer without leave of court: evidence: no prejudice.

tion. The defendant demurred to the petition for this defect, and the demurrer was sustained. Afterwards, and after the defendant had answered, the plaintiff attached to the petition a copy of a thirty days' notice of loss, with affidavit and *jurat*. The answer contained a denial of the service of any legal or sufficient affidavit and notice of any injury to plaintiff's stock. The plaintiff did not ask leave to amend his petition. This being the state of the record, the defendant objected to any evidence of the service of an affidavit and notice of loss. The objection was overruled. It would have been better practice if a formal amendment to the petition had been made by leave of the court. But, as the very question was put in issue by the answer, and the exhibit was actually attached to the petition, we think the defendant was not prejudiced by the defect in the pleading. ·

IV. It appears from the evidence that the defendant's road was fenced, and that about thirty rods of the fence was de-

4. ——: error in admitting: cured by instructions. stroyed by fire on a certain Friday evening. The fence so destroyed was not replaced until the following Monday morning, and the plaintiff's cattle were killed on Sunday night. The fence which was destroyed was adjoining plaintiff's pasture.

The plaintiff was allowed to prove, over defendant's objection, that the section-boss of the defendant stationed a man at the gap in the fence made by the fire to guard it and prevent animals from going upon the track. This evidence was admitted upon the ground that it was competent for the plaintiff to show that arrangements were made to keep his cattle off the right of way. This ruling of the court is complained of. We incline to think that, as the plaintiff's cattle were in the pasture which was thrown open by the fire, it was not incompetent for him to show that he used care, or that others used care, to prevent the cattle from going upon the track. But, whether competent or not, the court, in the twentieth paragraph of its charge to the jury, expressly instructed the jury that the defendant would not be liable if it placed a watchman at the gap, and the cattle came upon the track and were injured by reason of the failure of the watchman to attend to his duties. And we think, in view of the instruction, the evidence, if incompetent, was not prejudicial to the defendant.

V. It is urged that the evidence shows, and that it should be determined as a matter of law, that a reasonable time had 5. RAIL-ROADS: reasonable time to rebuild fence: question for jury. not elapsed between the time of the fire and the killing of the cattle to enable the defendant to rebuild the fence, and avoid the accident. This claim does not appear to us to be well founded. It does not appear what number of section men were at hand to rebuild the fence. It is shown that it was rebuilt on Monday morning, with material which was within a mile and a half of where it was used to rebuild, and the question was properly left to the jury to determine whether, under all the

circumstances disclosed in evidence, the defendant should have rebuilt the fence on Saturday.

VI. Other errors are assigned upon the cause of action for damages for killing the cattle. They relate to the insufficiency of the evidence as to the proof of the service of the affidavit and notice of loss, and to alleged errors in refusing to give instructions to the jury asked by the defendant, and to the giving of instructions by the court on its own motion. We have examined these alleged errors, and have to say that we think defendant's objections are not well taken. We think the evidence was sufficient, and that the instructions are unobjectionable.

VII. The cause of action as to the burning of plaintiff's fence remains· to be considered. The amount claimed was

6. ——: fire from engine: evidence of other fires.

fifteen dollars. The jury found that plaintiff was damaged to the amount of twelve dollars. The evidence as to the fire having been set out by one of defendant's engines was purely circumstantial. The court permitted the plaintiff, over defendant's objection, to show that other fires occurred along the right of way in that vicinity shortly after the engines passed over the road, and before the fire that destroyed plaintiff's fence. This evidence was objected to, and the defendant now claims it was erroneously admitted. We think the position is well taken. Indeed, we do not understand the question made to be an open one in this state. See *Babcock v. C. & N. W. R'y Co.*, 62 Iowa, 593, and as involving the same principle, see *Hudson v. C. & N. W. R'y Co.*, 59 Id., 581, and authorities there cited.

For the error in admitting this evidence the judgment will be reversed as to that cause of action. In all other respects, the judgment will be affirmed. And, in view of the fact that the recovery was for the small sum of twelve dollars, and nearly all the costs were made upon the other cause of action, each party will pay one-half the costs in this court.

REVERSED as to one cause of action, and
AFFIRMED as to the other.