# Staunton.

## NORFOLK & WESTERN RAILWAY CO. v. BRIGGS.

### September 29, 1904.

1. RAILROADS—*Negligent Fires—Identification of Engine—Other Fires Evidence.*—In an action to recover damages for a fire set out by an engine of a railroad company, after the plaintiff has identified with certainty the engine alleged to have communicated the fire complained of, it is not admissible to introduce evidence of other fires communicated along the company's right of way without first showing that the other fires were set out from the engine in question. If the injury complained of is shown to have been caused, or could only have been caused by a known and identified engine, the evidence should be confined to the condition of that engine, its management and practical operation.

2. NEGLIGENCE—*Burden of Proof.*—The party alleging negligence must establish it by proof sufficient to satisfy reasonable and well-balanced minds. The evidence must show more than a probability of a negligent act. The facts from which the jury can determine whether or not there was negligence must be shown by competent evidence, and the jury should not be left to mere conjecture or random judgment.

3. TRIAL—*Admission of Illegal Evidence.*—Where illegal evidence has been received, the verdict of the jury must be set aside, and the judgment of the trial court rendered thereon must be reversed, as it cannot be told what effect such evidence may have had on the minds of the jury.

4. RAILROADS—*Negligent Fires—Rate of Speed Remote from Fire.*—Evidence as to the speed of the train at a point a mile and a half or two miles from the place at which the fire is alleged to have been set out by the engine is irrelevant.

5. RAILROADS—*Negligent Fires—Origin—Opinion of Witness—Leading Questions.*—A witness who has testified touching a fire near the

VOL. CIII—14

right of way of a railroad company, cannot be asked "whether he saw anything from which the fire could have started except the railroad," as the question is not only leading and suggestive, but calls for a mere opinion of the witness.

6. RAILROADS—*Negligent Fires—Fires Set by Engines of Other Companies.*—In an action against a railroad company to recover damages for a negligent fire set out by one of its engines, evidence of other fires, in the same vicinity, set out by duly equipped engines on the lines of other railroad companies is irrelevant.

7. EVIDENCE—*Leading Questions—Appeal and Error—Harmless Error.*— When and under what circumstances leading questions may be asked is a matter in the discretion of the trial court, and, as a general rule, its ruling cannot be assigned as error; but even if it could be, it would not be reversible error, where, as in this case, no injury resulted to the objecting party.

8. VALUATION—*Goods Destroyed by Fire—Evidence of Value.*—In an action to recover the value of a stock of goods destroyed by fire, it is not error to allow the owner, in the absence of better evidence of value, to give to the jury an estimate of the total amount of his purchases since he occupied the location at which he was at the time of the fire, and his annual sales from the same date; nor to allow a witness to give his valuation of the stock destroyed, based upon a cursory view the day before the fire, not made with any purpose of valuation, nor any expectation of being thereafter called on to estimate their worth; nor is it error to allow a witness to state his estimate of the value of the stock seen at the store two days before the fire. While such evidence is of little value, still it is admissible. The owner is often unable to produce direct evidence of value, and he can only he required to prove value by the best evidence attainable.

Error to a judgment of the Circuit Court of Warren county, rendered in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Downing & Richards,* for the plaintiff in error.

*A. Moore, Jr.*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This action was brought by the defendant in error, Robert L. Briggs, to recover from the plaintiff in error, the Norfolk & Western Railway Company, damages sustained by reason of the loss of a stock of merchandise by fire, which, it is alleged, was communicated to the building containing the merchandise in question from an engine of the plaintiff in error on the 13th of November, 1901.

The building was situated on the east side of the railway tracks at Ashby station, about thirty-three feet from the main line, and there was within fifteen feet of this building a warehouse. On the day named, the fire was discovered on the roof of the warehouse, about twenty minutes after train No. 88, drawn by engine No. 169, had passed the buildings, going north. The warehouse burned and communicated the fire to the building occupied by the defendant in error, and both were totally destroyed.

It appears from the evidence that if the fire was caused by the plaintiff in error it eminated from this particular engine.

The jury rendered a verdict in favor of the defendant in error, assessing his damages at $2,600, with interest, and the court, having refused to set the verdict aside, rendered judgment thereon, and from that judgment the case is before us on a writ of error awarded by one of the judges of this court.

The first question to be considered arises out of the exceptions taken to the rulings of the Circuit Court, admitting evidence introduced by the defendant in error over the objection of the plaintiff in error.

The declaration charged that the fire was caused by sparks or ignited cinders thrown upon or against the building from one

of plaintiff in error's engines—that is, by sparks emitted from the smokestack—the negligence thereby imputed being that the engine setting out the fire was not properly equipped with a spark arrester, or that the engine in question was not operated with due care and caution.

After the introduction of evidence to show that the fire was communicated to the building from a certain engine in use by the plaintiff in error, which passed Ashby station about twenty minutes before the fire on the roof of the warehouse was discovered, defendant in error introduced evidence to prove that other fires had originated along plaintiff in error's right of way, without showing first that these fires were set out by the engine alleged to have communicated the fire to the building at Ashby, or that they were set out by reason of plaintiff in error failing to provide its engines with reasonably safe spark arresters; or to use due care and caution in the conduct and management of the engines from which these fires were communicated. The precise question therefore presented is whether or not, after the plaintiff, in an action of this character, has identified with certainty the engine alleged to have communicated the fire complained of, it is admissible to introduce other evidence as to fires having been communicated along the railway's right of way, without having first shown that these other fires were communicated from the engine in question.

In *Brighthope Ry. Co.* v. *Rogers*, 76 Va. 445, the engine in question was identified, and the court held that evidence of other fires caused by the same engine was admissible.

In *N. Y. P., & N. R. R. Co.* v. *Thomas*, 92 Va. 606, 24 S. E. 264, such evidence was admitted without objection, and the court merely held that the lower court did not err in instructing the jury that it might consider this evidence after it had been thus admitted.

In *Patteson* v. *C. & O. Ry. Co.*, 94 Va. 16, 26 S. E. 393, the

evidence admitted was as to other fires caused by the same engine.

The case of *Kimball & Fink* v. *Borden*, 95 Va. 203, 28 S. E. 207, seems to sustain the admissibility of evidence as to other fires in a case like the present, but the record in that case shows that, after the offending engine was identified in the course of the trial, no evidence of fires caused by other engines was objected to, and, therefore, the question here under consideration was not involved in the ruling of the court.

In *White* v. *N. Y., P. & N. R. R. Co.*, 99 Va. 357, 38 S. E. 180, the engine was identified, and all that was said by this court, which has any sort of bearing upon the question under consideration, was: "Notwithstanding these conditions, so inviting to fire from the sparks of a passing engine, it is an established fact in this case that no fire occurred at any point along the entire route other than that alleged in this case, as a result of sparks emitted by the engine in question after it came from the repair shops." Whether or not this is to be considered as an implied recognition that the only evidence as to other fires which would have been competent, would have been as to fires caused by sparks emitted by the engine in question, it is not authority for the proposition that evidence is admissible as to other fires not shown to have been set out from the engine in question. Nor does the case of *N. & W. Ry. Co.* v. *Perrow*, 101 Va. 345, 43 S. E. 614, have any bearing upon the question here, as all of the evidence in that case was as to sparks emitted and fires caused by the same train which caused the fire in question.

Plaintiff in error here, as we have seen, is not charged with the general habit of negligence, nor with frequent defects in its engines; therefore, if convicted of negligence in this case it must be by proof of defects in the engine No. 169, or of the omission of duty upon the part of the crew which operated it

upon the day of the fire which destroyed the property of defendant in error.

The question here under consideration has repeatedly arisen and been passed upon by the highest courts in other States, which have uniformly held that where the engine was identified which it was claimed had set out the fire, evidence as to other fires along the line of the railway, not shown to have been set out by the identified engine, is not admissible.

In *Hygienic Plate-Ice Mfg. Co.* v. *Raleigh & Augusta A. L. R. R. Co.*, 126 N. C. 797, 36 S. E. 279, the opinion says: "This evidence of fires at various times and at other places, caused by sparks from other engines, both before and after August 29th, we must hold to be incompetent, as it does not tend to prove the condition of engine No. 228, nor to throw any light on the question directly before the jury. It is well calculated to divert the mind of the jury, and lead them to an unsafe verdict."

In *Henderson* v. *P. & R. Ry. Co.* (Pa.), 22 Atl. 851, 16 L. R. A. 299, 27 Am. St. Rep. 652, it was held that where the injury complained of is shown to have been caused, or in the nature of the case could only have been caused, by sparks from an engine which is known and identified, the evidence should be confined to the condition of that engine, its management and its practical operation. Evidence tending to prove defects in other engines of the company is irrelevant and should be excluded. That case, in many particulars, is very like the case here under consideration. See also *Adkins* v. *Ga. Ry., &c. Co.*, 111 Ga. 815, 35 S. E. 671; *Jacksonville, &c. Ry. Co.* v. *Peninsula, &c. Co.* (Fla.), 9 South 661, 17 L. R. A. 33, 65, 49 Am. & Eng. R. R., Cas. 603; *Ireland, &c.* v. *Cincinnati, W. & M. R. Co.* (Mich.), 44 N. W. 426.

In *Lesser Cotton Co., &c.* v. *St. L., &c. Ry. Co.*, 114 Fed. 136, 52 C. C. A. 95, after it was established that the only

engine which could have set the fire was the defendant's engine No. 577, evidence of other fires alleged to have been set out by other engines of the defendant, or that other engines of the defendant were in the habit of throwing igniting sparks at other times and places, was offered and rejected. The opinion by Sanford, J., says: "The only question at issue was whether or not engine No. 577 set the fire. If the offer of counsel had been to show that some of the engines of the defendant set fires at other times and places, it might have formed the basis of a more plausible argument because it might have been said that engine No. 577 might have been one of the engines which set fires at other times. This, however, was not their offer. Their proposal was to prove that other engines threw sparks sufficiently large and live to set fires. They did not offer to show that such engines were constructed in the same way, or were in the same condition as the locomotive which alone could have set the fire. How this testimony could have had any tendency to lead a rational mind to the belief that engine No. 577 was the cause of this fire, passes our understanding. Neither the fact that other engines set fires, nor the fact that they threw sparks, nor the fact that their operators were in the habit of negligently constructing, repairing, or caring for them, had any logical or rational tendency to show that the engine here in question either set the fire, threw the sparks, or was negligently cared for or operated, because there was better and conclusive evidence upon all these questions—the evidence of its actual construction and condition, and of the method in which it was actually operated at the time the fire occurred."

That case is in point here, and numerous authorities are cited in the opinion of the court to sustain the conclusion reached.

Another case in point is *Inman* v. *Elberton A. L. R. Co.* (Ga.), 16 S. E. 958, 35 Am. St. Rep. 232, where the question was whether the fire in question was set out by one or the

other of two distinctly identified engines, and it was not claimed
that the fire was caused by any other, the opinion saying: "The
question before the jury was whether it was caused by one of
these, and the negligence alleged was negligence in the con-
dition and management of these two. How then could it be
material or relevant to show negligence on other occasions, and
in regard to other engines than these, especially when there
was no attempt to show that such other engines were of like
construction. The cases cited in support of the contention that
this testimony should have been admitted are clearly distin-
guishable from the present case. In some of them the evidence
as to other occasions related to the particular engine which was
alleged to have caused the fire; and in the other cases the en-
gine that caused the fire was not identified. Where the engine
that caused the fire cannot be fully identified, evidence that the
defendant's engines frequently emitted sparks on former occa-
sions near the time of the fire in question is generally held to
be relevant and competent to show habitual negligence, and to
make it probable that the plaintiff's injury proceeded from the
same quarter. But when the engine is identified, the same
reason does not operate, and evidence as to the condition of
other engines and of their causing fires is clearly irrelevant."

The text-writers sustain the view taken in the cases above
cited. See 2 Sherman & Redfield on L. of Neg. (5 Ed.), sec.
675, and notes. 3 Elliott on Railroads, sec. 1245.

As well remarked by counsel, in the argument of the case
here, plaintiff in error might have had other defective engines,
its employees may have been guilty on other occasions of negli-
gence of the most culpable character, yet if engine No. 169,
and all of its attachments, so far as these were connected with
the prevention of fires, were, on the 13th of November, 1901,
such as the law-prescribes, and if the crew which was operating
it upon that day at the time it passed Ashby station, were guilty

of no omission of duty, then plaintiff in error could not in this case be held liable for the fire in question.

"The party who affirms negligence must establish it by proof sufficient to satisfy reasonable and well-balanced minds. The evidence must show more than a probability of a negligent act. An inference cannot be drawn from a presumption, but must be founded upon some fact legally established. This court has repeatedly held that when liability depends upon carelessness or fault of a person, or his agents, the right of recovery depends upon the same being shown by competent evidence, and it is incumbent upon such a plaintiff to furnish evidence to show how and why the accident occurred—some fact or facts by which it can be determined by the jury, and not be left entirely to conjecture, guess or random judgment upon mere supposition, without a single known fact." *C. & O. Ry.. Co.* v. *Heath, ante* p. 64, 48 S. E. 508, just decided by this court, and the authorities there cited. The evidence set out in Bills of Exceptions 1, 2 and 3 was illegal and should have been rejected.

"It is a well-settled rule of this court, that where illegal evidence has been admitted, the judgment must be reversed, as it cannot be said what effect the illegal evidence may have had on the minds of the jury. *So. Mut. As. Society* v. *Trear,* 29ᵗ Gratt. 255, and authorities there cited.

At the trial, the testimony of Charles Puller was introduced by defendant in error, over the objection of plaintiff in error, as to the speed of the train at a point a mile and a half or two miles distant from the scene of the fire in question, and this is assigned as error. We are of opinion that this evidence was wholly irrelevant and should have been rejected.

A witness, David Wedlock, having testified touching a certain fire near the right of way of plaintiff in error, was allowed to answer the question, whether he saw anything from which

the fire could have started except the railroad, to which he made a negative reply; and this, also, is assigned as error.

We are of opinion that the question was not only leading and suggestive, but called merely for an opinion of the witness, which was improper, and should not have been permitted.

The next assignment of error is to the refusal of the Circuit Court to permit a witness to testify at the instance of the plaintiff in error, with reference to fires in the same vicinity, set out by duly equipped locomotives on the lines of other railway companies. This evidence was clearly irrelevant and was properly rejected.

The next assignment of error relates to the manner of the examination of defendant in error as to what his stock of goods consisted of, and the contention is that the questions propounded were leading and improper.

The questions propounded to the witness were unmistakably leading or suggestive questions, but it cannot be said that plaintiff in error was prejudiced thereby, since it was left free to cross-examine the witness touching his examination in chief, and thus test his accuracy, veracity and credibility.

"When and under what circumstances a leading question may be put is in the discretion of the trial court, and as a general rule is a matter which cannot be assigned as error. (1 Greenleaf on Ev., sec. 435). But if it could be, no injury resulting to the opposing party in allowing the question to be asked, it would not be reversible error. *Richmond, &c. Ry. Co.* v. *Rubin*, 102 Va. 809, 47 S. E. 834.

The seventh assignment of error is to the ruling of the trial court, permitting the defendant in error to give to the jury an estimate of the total amount of purchases made by him since he had occupied the location at which he was at the time of the fire, and his annual sales from the same date.

This evidence may be of little value, but it was not error to

permit it to go to the jury, to be considered by them for what it was worth. The owner of a stock of goods destroyed by fire is often unable to produce the best and most direct evidence as to the value of the goods, and he can only be required to prove their value by the best evidence obtainable.

What was said with reference to the next preceding assignment of error applies to the eighth and ninth assignments. In the eighth, a witness was allowed to give the valuation of the stock of goods which the defendant in error had on hand on the day prior to the fire, based upon a cursory view, not made with any purpose of valuation, nor any expectation, such as would have caused him to give especial attention to the matter; and in the ninth, the matter complained of is the admission of the estimate of a witness of the value of the goods seen at the store two days before the fire. We do not think that the plaintiff in error could have been prejudiced by that evidence. It was of little value, and was doubtless so considered by the jury.

The eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments of error relate to the action of the trial court in giving certain instructions for defendant in error, the refusal of certain instructions asked for by the plaintiff in error, and the giving of the court's own instructions in lieu of those refused.

We shall not attempt to review these several assignments of error, as we consider it sufficient to say that the instructions given covered the whole law of the case, stated in a plain and careful manner, so as to guard the rights of both parties.

The remaining assignment of error is to the refusal of the court to set aside the verdict of the jury, as contrary to the law and the evidence, and because the verdict is excessive. As the case has to go back for a new trial, on the grounds hereinbefore stated, we deem it inexpedient to discuss the evidence certified in the record.

The judgment of the Circuit Court will be reversed and annulled, the verdict of the jury set aside, and the cause remanded for a new trial, to be had in accordance with the views herein expressed.

*Reversed.*